*479
SUMMARY ORDER

Petitioner Arsim Skara, an ethnic Albanian native and citizen of Macedonia, seeks review of an April 9, 2008 order of the BIA affirming the June 1, 2006 decision of Immigration Judge (“IJ”) Steven R. Abrams, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Arsim Skara, No. A96 381 387 (B.I.A. Apr. 9, 2008), aff'g No. A95 381 387 (Immig. Ct. N.Y. City Jun. 1, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible, and, without rejecting any of the IJ’s grounds for decision, emphasizes particular1 aspects of that decision, we review the IJ’s decision including the portions not explicitly discussed by the BIA. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
The agency’s adverse credibility determination was supported by substantial evidence because: (1) he testified inconsistently regarding the dates when he was allegedly beaten by the Macedonian police and his age at the time; (2) there was confusion over when he joined the Democratic Prosperity Party; and (3) a letter from the Democratic Prosperity Party did not mention that he was ever arrested or beaten by the police. Because Skara’s asylum claim was based on his alleged political activities, these inconsistencies were material. See Diallo v. INS, 232 F.3d 279, 288 (2d Cir.2000). Furthermore, because the agency found Skara not credible, it did not err in relying on Skara’s failure to present particular corroborative evidence in making its adverse credibility determination. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006). The agency’s denial of Skara’s application for asylum was therefore supported by substantial evidence.
To the extent that Skara’s withholding of removal and CAT claims were based on the same allegations the agency found not credible, those claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
Skara does not challenge before this Court the agency’s finding that his failure to report for conscription did not establish a well-founded fear of persecution. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DENY the pending motion for a stay of removal as moot.